```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :   INFORMATION
                                 :
        - v. -                   :   S3 15 Cr. 171 (ALC)
                                 :
WALTER REISSMAN,                 :
                                 :
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

### RELEVANT PERSONS AND ENTITIES

1. Edward Durante, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," (hereinafter "Durante"), was convicted in federal court on or about December 7, 2001, of conspiracy to commit securities fraud, wire fraud, and money laundering, as well as making false statements. At all times relevant to this Information, Durante was barred from certain activities in connection with the securities industry, including the sale of securities.

2. At various times relevant to this Information, WALTER REISSMAN, the defendant, among other activities, oversaw the business operations of entities under Durante's control, and

facilitated Durante's execution of the scheme to defraud described herein.

    3.    At various times relevant to this Information, VGTel, Inc. ("VGTL") was a shell company whose shares were publicly traded on an Over-The-Counter market and whose place of business was the office address of WALTER REISSMAN, the defendant. From approximately in or about April 2012 to in or about August 2014, VGTL's share price fluctuated between approximately $.25 per share and $1.90 per share.

    4.    At various times relevant to this Information, New Market Enterprises, Inc. ("NME") was a corporation controlled by Durante that was a large shareholder of both public and private shares of VGTL.

    5.    At various times relevant to this Information, Zenith Estates, Inc. ("Zenith") was a corporation controlled by Durante that was a large shareholder of both public and private shares of VGTL.

    6.    At various times relevant to this Information, TW Ruban Group, Inc. ("TWR") was an entity incorporated by WALTER REISSMAN, the defendant, which was jointly controlled by REISSMAN and Durante. TWR was also a large shareholder of both public and private shares of VGTL.

    7.    At various times relevant to this Information, Marketwise Trading, Inc. ("Marketwise") was a corporation in the

name of the wife of WALTER REISSMAN, the defendant, which held both public and private shares of VGTL.

## OVERVIEW OF THE SCHEME

8. From at least in or about 2010 through at least in or about March 2015, Durante, WALTER REISSMAN, the defendant, and their co-conspirators perpetrated a scheme to defraud more than 100 investors of at least $15 million by soliciting funds, including, but not limited to, investments in private and public shares of VGTL and other securities, such as the penny stock companies Q Lotus Holdings, Inc. ("QLTS") Haddad-Wylie Industries, Inc. ("HWIC"), and Cassidy Ventures, Inc. ("CSVN"), with false and misleading representations and omissions and by failing to invest investors' funds as promised. In addition, Durante, REISSMAN, and their co-conspirators, including corrupt investment advisors and brokers, manipulated the market in the public stock of VGTL and other securities, such as QLTS, HWIC, and CSVN, for the purposes of advancing the scheme to defraud investors and enriching themselves.

9. In order to effectuate the scheme, Durante, WALTER REISSMAN, the defendant, and their co-conspirators solicited and caused to be solicited more than $10 million in investments in private shares of VGTL and other securities, through false and misleading representations, including, but not limited to, that the private shares were priced at a discount to the publicly

3

traded stock and that monies raised through private offerings would be used for the operations and growth of VGTL and other securities when, in truth, these funds were largely funneled back to Durante, REISSMAN and their co-conspirators.

10. In order to further effectuate the scheme, Durante, WALTER REISSMAN, the defendant, and their co-conspirators, including corrupt investment advisors and brokers, controlled the market in the public stock of VGTL by, among other things, conspiring to execute and executing trades in accounts of victim investors in order to increase the trading volume and stock price of VGTL, thereby promoting additional private sales of stock and also permitting Durante, REISSMAN, and their co-conspirators to profit by selling their VGTL stock at inflated prices.

11. As a further part of the scheme, Durante, with the knowledge of WALTER REISSMAN, the defendant, and other co-conspirators, employed numerous aliases in order to conceal from investors, compliance personnel, regulators and law enforcement his prior criminal conviction and regulatory bar. For example, Durante presented himself to certain investors and business associates as "Ted Wise," and also employed the aliases "Efran Eisenberg" and "Yulia Svitchkara" when communicating with others by email. For the same reason, Durante directed certain of his co-conspirators, including REISSMAN, to use their identities to

open and/or manage entities and bank and brokerage accounts associated with the fraud so as to conceal Durante's control over the scheme.

### The Private Placement Offerings of VGTL

12. In or about 2010, Durante and WALTER REISSMAN, the defendant, arranged to purchase VGTL from another individual who had previously facilitated Durante's control over QLTS and HWIC in 2010. Durante and REISSMAN thereafter caused a large number of private VGTL shares to be issued to a number of corporate entities they controlled, including Zenith, NME, TWR, and Marketwise.

13. Between in or about 2011 and in or about 2014, Durante and WALTER REISSMAN, the defendant, caused investment advisors and others working at their direction to induce investors to purchase private VGTL shares without disclosing that the entities selling the shares, principally Zenith and NME, were controlled by Durante and that Durante secretly controlled VGTL.

14. In furtherance of the scheme, Durante, with co-conspirators and others working at his direction, falsely told prospective investors that their investments in private VGTL offerings, which were discounted from the prevailing market price of the public stock, would benefit from a reverse-merger between VGTL and various private companies. In truth, Durante knew that no merger would ever be consummated. In addition,

5

Durante and his co-conspirators understood that the vast majority of funds raised from investors would not be used for the benefit of VGTL. Rather, more than $9 million of investor money purportedly intended for VGTL was largely diverted to Durante, who distributed the proceeds among his co-conspirators, including REISSMAN.

15. Durante and his co-conspirators further induced investors to purchase private shares of VGTL by promising that the stock carried an eight percent semi-annual dividend. Durante and other co-conspirators also represented to certain investors that after a period of time, typically six to 13 months, the stock would be convertible to unrestricted common stock, typically at $.38/share, which would allegedly lock in a profit for the investor when the shares were sold on the public market. In truth, the promised interest payments were never made and Durante, REISSMAN, and certain co-conspirators took various steps to prevent the restrictions on the private stock from being lifted.

### The Public Market Manipulation of VGTL

16. At all times relevant to this Information, Durante, with the assistance of WALTER REISSMAN, the defendant, controlled a majority of the publicly traded stock in VGTL through multiple entities, including Zenith, NME, TWR, and Marketwise. As part of the scheme to defraud, Durante,

REISSMAN, and certain co-conspirators caused VGTL to fail to disclose Durante's control over these shares of VGTL, in violation of securities regulations.

17. In or about 2012, WALTER REISSMAN, the defendant, introduced Durante to a corrupt broker not charged herein ("Broker-1"), believing that Broker-1 had previously used his position as a broker to facilitate the manipulation of the market for certain securities, and believing, correctly, that Broker-1 would assist Durante, REISSMAN, and others with the manipulation of the market for VGTL stock. In order to effectuate the scheme, Durante, among other things, opened brokerage accounts with Broker-1 associated with entities that Durante and REISSMAN controlled, including Zenith, NME and TWR, and also arranged for Broker-1 to create brokerage accounts for investors controlled by Durante and his co-conspirators. Accordingly, Durante, with the assistance of Broker-1 and other co-conspirators, frequently controlled both sides of the same trade in VGTL stock.

18. From in or about at least April 2012 up through and including in or about at least August 2014, Durante and his co-conspirators controlled and manipulated the publicly traded price of VGTL stock by either (1) soliciting investors to purchase VGTL stock, often when shares controlled by Durante were sold, or (2) executing or causing to be executed trades in

VGTL stock without the permission of the investor. During this time period, VGTL's share price fluctuated between approximately $.25 per share and $1.90 per share, which was typically substantially greater than the purported value of the private shares. Through the market manipulation of VGTL stock, Durante, WALTER REISSMAN, the defendant, and their co-conspirators profited by selling their VGTL stock at inflated prices and at opportune times when investors they controlled purchased VGTL stock. In addition, this artificial inflation of the stock price and the trading volume served to further increase interest in VGTL private placement offerings.

The Defendant's Role

19.    In furtherance of the scheme, WALTER REISSMAN, the defendant, knowingly participated in the scheme in the following ways, among others:

     a.    REISSMAN assisted Durante in operating VGTL, including, but not limited to, by failing to disclose Durante's true identity and history of criminal and regulatory violations; by attempting to arrange reverse mergers with private companies that were publicly announced but never consummated; by recruiting VGTL's executives; by reviewing and authorizing false and misleading documents and regulatory filings that shielded Durante's control over VGTL; and by preventing private shares from becoming unrestricted common shares; and

      b.   REISSMAN assisted Durante in controlling the public market of VGTL, including, but not limited to, by recruiting a corrupt broker to manipulate the market of VGTL, and by purchasing VGTL stock to inflate the stock price and increase trading volume.

## Statutory Allegations

20.   From at least in or about 2010 through at least in or about March 2015, in the Southern District of New York and elsewhere, WALTER REISSMAN, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

21.   It was a part and object of the conspiracy that WALTER REISSMAN, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices,

9

schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of VGTL stock and other securities, including QLTS and HWIC, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## Overt Act

22. In furtherance of the conspiracy and to effect its illegal object, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about 2010, WALTER REISSMAN, the defendant, changed the name of an entity he controlled to TW Ruban Group, Inc. to use in a scheme to defraud investors in VGTL.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

The United States Attorney further charges:

23. The allegations contained in paragraphs 1 through 18 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

10

24. From at least in or about 2010 through at least in or about March 2015, in the Southern District of New York and elsewhere, WALTER REISSMAN, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of VGTL stock and other securities, to wit, REISSMAN participated in a scheme to defraud victim-investors in VGTL securities in which victim-investors were induced to invest in private shares of VGTL through false and misleading statements and the market for publicly traded shares of VGTL was manipulated for the purpose of inflating the price and increasing the trading volume of the stock.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE

### (Conspiracy to Commit Wire Fraud)

The United States Attorney further charges:

25. The allegations contained in paragraphs 1 through 18 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

26. From at least in or about 2010 through at least in or about March 2015, in the Southern District of New York and elsewhere, WALTER REISSMAN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

27. It was a part and an object of the conspiracy that WALTER REISSMAN, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR

### (Wire Fraud)

The United States Attorney further charges:

28. The allegations contained in paragraphs 1 through 18 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

29. From at least in or about 2010 through at least in or about March 2015, in the Southern District of New York and elsewhere, WALTER REISSMAN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, REISSMAN participated in a scheme to defraud victim-investors in VGTL securities through the use of interstate wires, including interstate and international telephone calls, instant messages, and emails with Durante.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE

### (False Statements)

The United States Attorney further charges:

30. The allegations contained in paragraphs 1 through 18 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

31. On or about March 20, 2015, in the Southern District of New York, WALTER REISSMAN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did make a materially false, fictitious and fraudulent statement and representation, to wit, REISSMAN made false statements about his knowledge of the true identity of Edward Durante, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," in response to questions by federal law enforcement officers.

(Title 18, United States Code, Section 1001.)

### FORFEITURE ALLEGATIONS

32. As a result of committing one or more of the foregoing securities and wire fraud offenses alleged in Counts One through Four of this Information, WALTER REISSMAN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes

or is derived from proceeds traceable to the commission of the offenses.

### Substitute Asset Provision

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which

    f. cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982;
Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

WALTER REISSMAN,

Defendant.

---

INFORMATION

S3 15 Cr. 171

(15 U.S.C. §§ 78j(b) & 78ff;
17 C.F.R. §§ 240.10b-5; 18 U.S.C. §§
371, 1001, 1343, 1349 and 2.)

PREET BHARARA
United States Attorney